IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN SARANDON BARNES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-811-WHA |
| ) | |
| GLENN GOGGANS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Steven Sarandon Barnes. Doc. 1. Barnes is currently incarcerated in the Elmore County Jail on pending state criminal charges, including first degree rape of a child and aggravated child abuse. In this petition, Barnes challenges the constitutionality of his confinement on these charges as violative of his right to a reasonable bail because he contends the bonds set by the state district court for his rape and child abuse offenses are excessive. Doc. 1 at 5–7. At the time Barnes filed this petition, his bonds on these two charges totaled ten million dollars, five million dollars in each case with a cash only provision.

Upon review of the petition, the undersigned entered an order directing the respondents to file an answer addressing the claim for habeas relief raised by Barnes. In their answer to the petition, the respondents advise that on October 28, 2020, the state court

lowered the bonds set in Barnes' pending criminal cases to a total of one million dollars, five hundred thousand dollars as to each offense with no requisite cash provision. Doc. 12 at 3. The respondents therefore ague that any challenge to the previously imposed ten million dollar bond amount set by the state court is now moot. Doc. 12 at 6, 8. The respondents also argue that Barnes did not properly exhaust his state court remedies prior to filing this habeas petition. Doc. 12 at 4–5. In support of this defense, the respondents assert that Barnes failed to challenge the state district court's setting of his bonds in the state appellate courts. Doc. 12 at 5 ("[A] claim that the bond set by the trial court is excessive can be raised via a petition for writ of habeas corpus in the Alabama Court of Criminal Appeals and, if necessary, a petition in the Alabama Supreme Court. *Ex parte Stokes*, 990 So. 2d 852, 853 (Ala. 2008). Barnes has not filed any such petitions and admits as much in his [federal habeas] petition."). Because Barnes has not challenged any of the orders issued by the state district court setting the amount of his bonds in the Alabama Court of Criminal Appeals or the Alabama Supreme Court, the respondents argue that "the instant petition should be dismissed without prejudice so that Barnes may exhaust available state remedies." Doc. 12 at 7.

Upon review of the answer filed by the respondents, the court entered an order providing Barnes an opportunity to show cause why his habeas petition should not be denied and this case dismissed, as the claim on which he seeks relief is now moot due to the October 28, 2020, state district court order lowering the challenged bond amounts. Doc. 13 at 4. This order also explained to Barnes the requirement that he must first properly

exhaust his state court remedies before seeking habeas relief from this court regarding any bond amount set by a state court. Doc. 13 at 2–3.

The time allowed for Barnes to file a response to this order expired on November 24, 2020. Doc. 13 at 4. As of the present date, Barnes has filed no response to this order.

## II. DISCUSSION

Initially, the court finds that the claim on which Barnes seeks relief, i.e., the unconstitutionality of the initial bonds set by the state district court totaling ten million dollars, is now moot in light of the state court's October 28, 2020, order lowing the assessed bonds.

In addition, with respect to any claim on which Barnes seeks to proceed regarding a bond set by the state court, he must first properly exhaust his state court remedies prior to seeking federal habeas relief. The law is well-settled that "[a]lthough the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 -- including exhaustion of state remedies -- apply to" the petitioner as he challenges the validity of state court actions. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Barnes] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to §2254's exhaustion requirement" because the custody he seeks to challenge arises from the

3

orders of a state court. *Dill*, 371 F.3d at 1302–03. Applicable federal law directs that a federal court shall not grant relief on a habeas petition "unless [and until] it appears that the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(1)(b)(1)(A). Although a bond reduction claim is reviewable in a federal habeas action, it must nonetheless first be exhausted in the state courts.

Thus, as to any claim Barnes may have regarding his new bond amounts, it is clear that he has not yet exhausted his available state court remedies. Specifically, Barnes may seek relief from the order issued by the state district court in October of 2020 lowering his bonds by filing a petition for habeas corpus relief with the Alabama Court of Criminal Appeals. If unsuccessful before the Alabama Court of Criminal Appeals on claims seeking relief from the bonds set by the state district court, Barnes may petition the Alabama Supreme Court for relief.

Based on the foregoing, the undersigned finds that Barnes' challenge to the original cash only bonds totaling ten million dollars is now moot as the trial court reduced that amount to a total of one million dollars with no attendant cash provision on October 28, 2020. Moreover, the undersigned deems it inappropriate to address the most recent bond amounts imposed by the state court as Barnes has not yet exhausted his available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2241 petition for habeas corpus relief filed by Steven Sarandon Barnes be DENIED.

2. This case be DISMISSED.

On or before **January 20, 2021,** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of January, 2021.

    /s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE